# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:19-CR-00036-JCB |
| v. | § |
| | § |
| | § |
| RAY ANTHONY WILLIAMS, | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 4, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ray Anthony Williams. The government was represented by Alan Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline, range based on total offense level of 21 and criminal history category of IV, was 51 to 71 months. On April 1, 2015, District Judge J. Thomas Marten of the District of Kansas sentenced Defendant to 70 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, an anger management program, a cognitive behavioral program, search conditions, firearm and weapons restrictions, and a $100 special assessment. On May 6, 2019, Defendant completed his term of imprisonment and began his term of supervision in the Eastern District of Texas-Tyler Division. Jurisdiction of this case was transferred to this District.

Under the terms of supervised release, Defendant was prohibited from leaving the District without permission from the court or his probation officer. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release by traveling outside of the District to Kaufman County, Texas without permission on January 3, 2020 and June 25, 2020.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by leaving the District without permission, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a)

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of time served, which includes 100 days of unserved community confinement, with one year of supervised release to follow, a downward departure from the imprisonment range to account for two years served on a state charge related to the allegations in the petition.

The court therefore **RECOMMENDS** that Defendant Ray Anthony Williams's plea of true be accepted and that he be sentenced to time served, which includes 100 days of unserved community confinement, with one year of supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 4th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE